IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Antonio Lockett, | : | Case No. 3:09 CV458 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Robert Welch, Warden, | : | |
| Respondent. | : | |

This case, filed pursuant to 28 U.S.C. § 2254, was referred to the undersigned Magistrate consistent with the United States District Court for the Northern District of Ohio Local Rule 72.2.  Pending are (1) Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1), Respondent's Return (Docket No. 6), Petitioner's Traverse (Docket No. 11) and (2) Petitioner's Motion for Leave to Amend Petition (Docket No. 10) and Respondent's Response (Docket No. 12).  For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and the Motion for Leave to Amend Petition.

## I.  FACTUAL BACKGROUND

A habeas court must presume the state court's factual findings are correct.  *Thompson v. Bell,* 580 F.3d 423, 433 (6th Cir. 2009) (*citing* 28 U.S.C. § 2254(e)(1)).  In *State of Ohio v. Antonio Lockett,* the Court of Appeals for the Sixth Appellate District made the following statements of fact.

> {¶ 6}  On the night of August 30, 2006, Petitioner and April Lofton spent some time at Lofton's father's house in Central Toledo.  Eventually, Petitioner told Lofton she had to leave with him and verbally threatened her with harm if she did not stay with him.  Lofton testified that, although she wanted to stay at her father's house, she went with Petitioner because she knew he was carrying a gun and was afraid.  As the two walked along the street sometime after midnight, Lofton grew more afraid of Petitioner and finally ran into the road in an attempt to flag down a passing motorist for help.  As she did, a Toledo police cruiser drove up.  The officer called out to Petitioner, but Petitioner began to run away.  When another officer arrived on the scene, Lofton told him that Petitioner had a gun.  The first officer chased Petitioner on foot and eventually apprehended him.  Petitioner did not have a gun in his possession when he was caught.  However, when officers retraced the path Petitioner took during the chase, they

found a gun on the ground; Lofton later identified it as Petitioner's gun.

*State v. Lockett*, 2008 WL 1921746, *1 (2008)

## II. PROCEDURAL BACKGROUND

During the September term of 2006, Petitioner was indicted on three counts:

Count One: Kidnaping, with a specification that Petitioner displayed, brandished, indicated possession of or used a firearm, in violation of OHIO REV. CODE §§ 2905.01(A)(3) and 2941.145;

Count Two: Having a weapon under disability with the specification that Petitioner displayed and brandished, indicated possession of or used a firearm in violation of OHIO REV. CODE §§ 2923.13(A)(2) and 2941.145; and

Count Three: Carrying a concealed weapon in violation of OHIO REV. CODE § 2923.12(A)(2) and (G).

(Docket No. 6, Exhibit 1).

On November 29, 2006, the jury determined that Petitioner was not guilty of kidnaping or abduction, but found defendant guilty of having weapons while under a disability and with a firearm specification.

On December 20, 2006, Judge Gary G. Cook sentenced Petitioner to serve a term of two years in prison as to count two (Weapons under Disability) and six months as to count three (Carrying Concealed Weapon) with an additional three year term imposed as to the firearm specification in count two. The sentences in counts two and three were ordered to be served concurrently. The three year firearm sentence in count two was ordered to be served consecutively to the sentence imposed on count two, for a total incarceration of five years. Further, these sentences were ordered to be served consecutively to the sentence imposed in another criminal case pending with the court (Docket No. 6, Exhibit 7).

Petitioner filed a notice of appeal on January 2, 2007[1] (Docket No. 6, Exhibit 10). The Court of

---

[1]

Petitioner's assignments of error are:
 (1) The trial court committed prejudicial error as to sentencing Petitioner on the gun specification because there was no evidence on the record to support a finding of guilty.

Appeals for the Sixth Appellate District affirmed the trial court's judgment on May 2, 2008 (Docket No. 6, Exhibit 11). On August 18, 2008, Petitioner filed a notice of appeal and motion for delayed appeal in the Ohio Supreme Court[2] (Docket No. 6, Exhibit 12).

Petitioner filed an application for reopening on July 31, 2008 in the court of appeals[3] (Docket No. 6, Exhibit 14). The court of appeals denied the application to reopen on August 25, 2008 (Docket No. 6, Exhibit 16). Petitioner filed a notice of appeal in the Ohio Supreme Court on September 29, 2008[4] (Docket No. 6, Exhibit 17). Chief Justice Thomas J. Moyer dismissed the appeal on January 15, 2009 (Docket No. 6, Exhibit 20).

### III. JURISDICTION

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)).

Petitioner satisfies both prongs of the requirements for habeas jurisdiction. He was convicted in the

---

(2) The trial court committed prejudicial error by not giving the jury instruction for a gun specification.
(3) Trial counsel was ineffective because he failed to object to the instructions proposed by the court.

(Docket No. 6, Exhibit 9).

[2] In an affidavit filed contemporaneously with the motion for delayed appeal, Petitioner averred that he did not receive notice that the appellate court affirmed his conviction.

[3] In a sworn statement, Petitioner alleges that appellate counsel's representation was ineffective. Petitioner also submitted a page entitled "Proposed Assignment of Error I" in which he contends that the trial court committed prejudicial error as to the sentencing of Petitioner on having a weapon under disability because there was insufficient evidence on the record to support a finding of disability (Docket No. 6, Exhibit 14).

[4] The sole assignment of error is that there was insufficient evidence to support the conviction for having a weapon under disability charge (Docket No. 6, Exhibit 18).

Lucas County Court of Common Pleas on one count of having a weapon while under disability and one count of carrying a concealed weapon with a firearm specification. Petitioner is confined to the Toledo Correctional Institution as a result of his conviction (Docket No. 1). Petitioner is in custody for purposes of habeas jurisdiction.

Petitioner argues that during the course of these proceedings, he has been deprived of rights guaranteed under the Fifth, Sixth and Fourteenth Amendments. Such claims, if true, are phrased sufficiently to allege a violation of the constitution or laws or treaties of the United States.

The Magistrate finds that this Court has subject matter jurisdiction to consider Petitioner's Petition for Writ of Habeas Corpus.

## IV.  HABEAS CORPUS STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a federal court may not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," *Thompson, supra,* 580 F.3d at 433 (*citing* 28 U.S.C. § 2254(d)(1)), or (2) the state court's decision "was based on an unreasonable application of the facts in light of the evidence presented in the State court proceedings." *Id.* at 433-434 (*citing* 28 U. S. C. § 2254(d)(2)). A state court's decision is "contrary to" clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* (*citing Williams v. Taylor,* 120 S.Ct. 1495, 1523 (2000)). An "unreasonable application" occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court decision unreasonable "simply because that court concludes

in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (*citing Williams*, 120 S. Ct. at 1522).  Rather, the state court decision must be an "objectively unreasonable" application of federal law to be reversed.  *Id.* (*citing Williams*, 120 S.Ct. at 1521).

## V.  PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING

Petitioner seeks a hearing to explore the cause of appellate counsel's delay in providing notice of the appellate court's decision and how that prejudiced him.

Evidentiary hearings in federal habeas corpus cases are intended to ensure that the petitioner has a full and fair opportunity to develop the factual bases of his or her constitutional claims.  *Hillman v. Warden, Chillecothe Correctional Institutions*, 2009 WL 3126606, *8 (S. D. Ohio 2009).  Evidentiary hearings are not granted as a matter of course in federal habeas corpus.  *Id.*  In determining whether an evidentiary hearing should be held, the relevant inquiry is whether a hearing would be meaningful in enabling the petitioner to advance his or her claim.  *Id.* at 8-9 (*citing Campbell v. Vaughn*, 209 F. 3d 280, 287 (3rd Cir. 2000); *Braden v. Bagley,* 2009 WL 922363 (S. D. Ohio 2009)).

Upon review of the pleadings, the Magistrate concludes that Petitioner has had a full and fair opportunity to present his claims to the Ohio courts.  Resolution of his petition is based upon the claims that Petitioner presented to the Ohio courts in the requests for post-conviction relief.  An additional factual inquiry is not required to make this assessment.  Petitioner's request for an evidentiary hearing is, therefore, denied.

## VI.  ANALYSIS

Petitioner alleges four grounds on which he seeks habeas relief.  First, he was denied the effective assistance of appellate counsel.  Second, he was denied the effective assistance of trial counsel.  Third, insufficient evidence exists to support a conviction for having a weapon under disability.  Four, insufficient evidence exists to support a conviction of the gun specification.

Respondent argues that although the Petition for Writ of Habeas Corpus was timely filed consistent with the statute of limitations prescribed under 28 U. S. C. § 2244(d)(1) (A), Petitioner failed to present all of his habeas grounds for relief to the Ohio courts.

Petitioner responds that ground one was not procedurally defaulted. Alternately, he had a good cause for the procedural default. Petitioner concedes that grounds two and four are procedurally defaulted; however, he can show "cause" for the failure to present his second and fourth claims to the appropriate state courts. Finally, Petitioner argues that ground three is not procedurally defaulted and if the Court grants his Motion to Amend the Petition, issue three will not be procedurally defaulted as he properly raised this issue. If the Court denies the Motion to Amend, Petitioner directs the Court's attention to the application for reopening in which he raised the sufficiency of the evidence argument.

**A.     MERITS OF THE PETITION FOR WRIT OF HABEAS CORPUS**.

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wright v. Lazaroff,* —F. Supp. — , 2009 WL 1850170, *8 (S. D. Ohio 2009) (*citing Wainwright v. Sykes*, 97 S.Ct. 2497, 2506 (1977)). If petitioner fails to fairly present his or her claims through the requisite levels of state appellate review to the state's highest court and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his or her claims in the state courts, the claims are subject to dismissal with prejudice as waived. *Id.* (*citing O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1733-1734 (1999); *Harris v. Reed*, 109 S. Ct. 1038, 1042 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989)).

A four-part test is applied to determine if a claim is procedurally defaulted:

(1)     the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule;

(2)     the court must determine whether the state courts actually enforced the state procedural

6

    sanction;
(3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and
(4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Id*. at 8-9 (*citing Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (*citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *Scuba v. Brigano*, 527 F. 3d 479, 485 (6th Cir. 2007)).

If, because of a procedural default, a petitioner can no longer present his or her claims to a state court, he or she has waived them unless he or she can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Id.* (*citing Coleman v. Thompson*, 111 S.Ct. 2546, 2565 (1991); *see also Murray v. Carrier*, 106 S.Ct. 2639, 2644 (1986); *Engle v. Isaac*, 102 S.Ct. 1558, 1572 (1982); *Wainwright, supra,* 97 S.Ct. at 2506).

  **1.**  **PETITIONER'S FIRST GROUND**.

Petitioner argues that his claim of ineffective assistance of counsel is not procedurally defaulted and thus ripe for consideration by the Court. If the Court finds that his claim is procedurally defaulted, then default should be excused because he was deprived of the opportunity to present a timely appeal since appellate counsel failed to provide a timely notice that his direct appeal was concluded[5].

Claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Ohio Supreme Court pursuant to Section 2(B)(2)(a)(iii), Article IV of the OHIO CONSTITUTION. Where the time period for reconsideration in the court of appeals and

---

[5] Attached to the motion for delayed appeal is an averment from Petitioner and confirmation from appellate counsel that he was not provided notice of the appellate court's decision. Petitioner did not advance a cause of action against appellate counsel for failure to provide notice of the appellate court's decision (Docket No. 6, Exhibit 12).

7

direct appeal to the Ohio Supreme Court have expired, a delayed claim of ineffective assistance of appellate counsel must first be brought in an application for delayed reconsideration in the court of appeals where the alleged error took place, pursuant to APP. R. 26 and 14(B), and if delayed reconsideration is denied then the defendant may file for delayed appeal in the Ohio Supreme Court pursuant to Section 8, Rule II of the Rules of PRACTICE OF THE SUPREME COURT.

On July 31, 2008, Petitioner filed an application for reopening pursuant to APP. R. 26 in the court of appeals alleging that appellate counsel's assistance was ineffective (Docket No. 6, Exhibit 14). In the application, Petitioner alleged that appellate counsel failed to assert a potentially meritorious assignment of error: there was insufficient evidence to support a conviction for gun specification and having a weapon under disability. In the memorandum in support of jurisdiction filed in the Ohio Supreme Court, Petitioner realleged that appellate counsel was ineffective for failure to argue the insufficiency of evidence (Docket No. 6, Exhibit 18). Petitioner's claim of ineffective assistance of appellate counsel is not procedurally defaulted.

On an appeal of right, a criminal defendant is entitled to effective assistance of appellate counsel. *Evans v. Hudson,* 575 F.3d 560, 564 -565 (6th Cir. 2009) (*citing Mahdi v. Bagley,* 522 F.3d 631, 636 (6th Cir. 2008)). Claims of ineffective assistance of appellate counsel are subject to the test proposed in *Strickland v. Washington*, 104 S. Ct. 2052, 2068 (1984), which requires a defendant to show both deficient representation and prejudice. *Id.* To meet his or her burden, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* (*citing Burton v. Renico,* 391 F.3d 764, 773 (6th Cir. 2004) (internal quotation marks omitted); *see also Maples,* 340 F.3d at 437). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (*citing Burton,* 391 F.3d at 773 (internal quotation marks omitted); *Maples,* 340 F.3d at 437)).

Although there is no constitutional right to appeal, it is well established that the accused has the

8

ultimate authority to make certain fundamental decisions regarding the case, including whether to take an appeal or act as his or her own advocate. *Jones v. Barnes*, 103 S. Ct. 3308, 3312 (1983) (*citing Wainwright, supra*, 97 S. Ct. at 2509 n. 1). Appellate counsel is obligated to give the defendant timely notice of a decision so that he or she can determine whether or not to appeal. *Smith v. Ohio Department of Rehabilitation and Corrections*, 463 F. 3d 426, 435 (6th Cir. 2006).

Through inadvertence, prison mail personnel returned Petitioner's mail from his appellate counsel and appellate counsel failed to contact Petitioner or remail the appellate court's decision prior to the expiration of the appeal deadline. After the expiration of the deadline for filing an appeal in the Ohio Supreme Court, appellate counsel wrote Petitioner advising that the initial correspondence was undeliverable (Docket No. 6, Exhibit 12, Letter dated June 17, 2008). While this failure to notify Petitioner of the conclusion of his appeal prior to the deadline was unreasonable, there is no reasonable probability that, but for counsel's unprofessional errors, Petitioner would have the opportunity to perfect an appeal. However, the issues that Petitioner wanted appellate counsel to present to the Supreme Court--there was insufficient evidence to support the conviction for having a weapon under disability charge or carrying a concealed weapon-- were presented in the appeal of the RULE 26 motion to the Supreme Court. The Supreme Court denied jurisdiction. Although Petitioner was denied the right to a timely appeal, he was not deprived of a right to proffer the same issue he wanted to appeal to the Supreme Court in a motion for post-conviction relief.

    **2.    PETITIONER'S SECOND GROUND FOR RELIEF**.

Petitioner pursued his claim against appellate counsel but referred to trial counsel's performance only during the direct appeal. He concedes that ground two is procedurally defaulted. The Magistrate finds that since claims can no longer be presented to the state court, Petitioner waived his claim that trial counsel was ineffective unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a fundamental miscarriage of

justice. As previously discussed, Petitioner has established that his counsel was responsible, in large part, for the failure to solicit timely review by the Supreme Court. Petitioner has been unable to establish that he was actually prejudiced since he had presented a timely request for post-conviction relief to the Supreme Court and the outcome remained unchanged. Petitioner did not present a cognizable argument that a fundamental miscarriage of justice would result if the Court did not address this ground for relief.

### 3. PETITIONER'S THIRD AND FOURTH GROUNDS FOR RELIEF.

In the application for reopening, Petitioner presented an argument that can be construed as a contest to the sufficiency of the evidence relied upon to convict him of having a weapon under disability and carrying a concealed weapon. Later, he presented the same issue to the Supreme Court of Ohio (Docket No. 7, Exhibits 14 & 18). The Magistrate assumes, *arguendo,* that these claims were not procedurally defaulted.

The federal habeas corpus relief that this Court can provide is limited to claims adjudicated on the merits in state court that involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Brown v. Payton,* 125 S.Ct. 1432, 1438-1439 (2005) (*citing Williams, supra,* 120 S. Ct. at 1519; *Early v. Packer*, 123 S.Ct. 362, 365 (2002)(*per curiam*)). A state-court decision involves an unreasonable application of the Court's clearly established precedents if it applies the Court's precedents to the facts in an objectively unreasonable manner. *Id.* (*citing Williams, supra,* at 1519; *Woodford v. Visciotti,* 123 S.Ct. 357, 359-360 (2002) (*per curiam*)).

The Magistrate does not find that the conviction for gun specification or having a weapon under a disability involved an unreasonable application of federal law. After review of the testimony and evidence presented in the underlying state court proceeding, there is sufficient evidence to support a conviction of a gun

specification and having a weapon under disability. Petitioner stipulated to the existence of a qualifying disability that prohibited him from acquiring, having, carrying or using a firearm (Docket No. 7, Exhibit 1, p. 384). April Lofton identified the weapon that Petitioner housed in his bedroom and subsequently carried in his pocket (Docket No. 7, Exhibit 1, pp. 175-176, 177, 180, 215, 216, 218). Randy Pepitone, a lieutenant at the Toledo Police Department (TPD), was present when Ms. Lofton identified the weapon recovered on the night of the incident with Petitioner (Docket No. 7, Exhibit 1, pp. 224-225). Michael Troendle, a lieutenant at TPD, was flagged down by Ms. Lofton. He followed Petitioner on foot, observed Petitioner attempt to secure something with his right hand and saw him abandon the weapon in an open area (Docket No. 7, Exhibit 1, pp. 232-233, 235, 247). When the midnight shift sergeant at the Scott Park District Station of TPD arrived on the scene, Ms. Lofton explained that Petitioner had a gun (Docket No. 7, Exhibit 7, pp. 262, 264).

The finding of guilty by jurors does not contradict the governing case law. Petitioner has not shown that his case is materially indistinguishable from a decision in which a different result was reached. Accordingly, the Magistrate does not recommend that the Court grant the habeas relief requested.

B.   **PETITIONER'S MOTION FOR LEAVE TO AMEND.**

Petitioner proposes that leave be granted so that he can reposition the claim of insufficient evidence for weapons under a disability and add a sub-argument to his ineffective assistance of counsel claim.

Petitioner's Motion to Amend is governed by FED. R. CIV. P. 15(a), which provides that the court should freely grant leave to amend when justice so requires. The trial court has broad discretion in determining whether to grant or deny a request to amend a complaint *Benzon v. Morgan Stanley Distributors*, 420 F. 3d 598 (6th Cir. 2005). Denial may be appropriate when there is undue delay, bad faith or a dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment and futility of the amendment. *Id.* (*citing Morse v. McWhorter*, 290 F. 3d 795, 800 (6th Cir. 2002)).

11

The Magistrate finds that an amendment to the petition is futile. Realigning the petition will not alter the result. Even if counsel had presented the argument of the weapons with disability, the Magistrate determined that Petitioner stipulated that he was under a disability and other evidence presented at trial showed that he had a weapon. An amendment will cause an undue delay and is unlikely to change the disposition of the petition. The request to amend should be denied.

## VII. CONCLUSION

For these reasons, the Magistrate recommends that the Court (1) deny the Petition for Writ of Habeas Corpus, (2) deny the Motion to Amend Petition and (3) terminate the referral to the Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Dated: May 26, 2010

## VIII. NOTICE FOR REVIEW

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, as amended on December 1, 2009, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.