IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Antonio D. Lockett,                                              Case No. 3:09 CV 458

                 Petitioner,                            MEMORANDUM OPINION
                                                              AND ORDER

    -vs-                                                             JUDGE JACK ZOUHARY

Robert Welch,

                 Respondent.

### INTRODUCTION

*Pro se* Petitioner Antonio Lockett, a prisoner in state custody, filed a Petition for Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner alleges his detention violates the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution. Petitioner also requests leave to amend his Petition to remove his third ground for relief, instead using that ground as an argument for his first ground for relief (Doc. No.10).

The case was referred to Magistrate Judge Vernelis Armstrong for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). The Magistrate recommends the Court deny the Petition and the Motion for Leave to Amend (Doc. No. 13). Petitioner filed an Objection (Doc. No. 16) and Respondent filed a Response (Doc. No. 17).

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and adopts the recommendation to deny the Petition and the Motion for Leave to Amend.

## BACKGROUND

Petitioner does not object to the factual background (Doc No. 13, pp. 1-2) or procedural background (*id.* at pp. 2-3) described in the R&R. The Court finds them to be accurate and therefore adopts them in their entirety. Briefly, Petitioner was convicted in Ohio of one count each of carrying a concealed weapon and having weapons while under a disability, and this latter count was enhanced with a three-year firearm specification under Ohio Revised Code Section 2941.145. In the same trial, Petitioner was acquitted of one count of kidnaping.

Petitioner directly appealed to the Ohio court of appeals, which affirmed both his conviction and sentence. According to Petitioner, his appellate counsel failed to timely notify Petitioner of the court's decision, preventing him from timely appealing directly to the Ohio Supreme Court. He then filed a motion for delayed appeal in the Ohio Supreme Court which was denied (Doc. No. 6-1, Exs. 12-13).

Petitioner then filed *pro se* an application for reopening in the court of appeals, pursuant to Ohio Appellate Rule 26(B) (Doc. No. 6-1, Ex. 14), arguing ineffective assistance of appellate counsel regarding the firearm specification and disability conviction. The appellate court denied this application (Doc. No. 6-1, Ex. 16). Petitioner, again in a *pro se* capacity, filed a timely appeal from the denial of his Rule 26(B) application to the Ohio Supreme Court (Doc. No. 6-1, Ex. 17). Chief Justice Moyer dismissed this appeal for failing to involve any substantial constitutional question (Doc. No. 6-1, Ex. 20).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, requires a federal habeas court to limit its analysis to the law as it was "clearly established" by the U.S. Supreme Court at the time of the state court decision.[1]

The Supreme Court provided direction on the application of this standard in *Williams v. Taylor*, 529 U.S. 362 (2000). Under the "contrary to" prong of Section 2254(d)(1), a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* at 405-06.

The "unreasonable application" prong of Section 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle" from the Supreme Court's decisions, "but unreasonably applies that principle to the facts" of petitioner's case. *Id.* at 413. The "unreasonable application" standard requires the state court decision to be more than incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (citing *Williams*, 529 U.S. at 407). Rather, the state court's application must have been "objectively unreasonable." *Williams*, 529 U.S. at 409.

---

[1] The relevant section of AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

Therefore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

## ANALYSIS

Petitioner makes three objections to the R&R's conclusions.

**Petitioner's First Objection -- the Firearm Specification**

Petitioner argues the Magistrate erred in her conclusion that there was sufficient evidence to support a conviction of a gun specification. To begin with, this ground for relief is procedurally defaulted because Petitioner failed to timely raise this argument on appeal to the Ohio Supreme Court -- an adequate and independent state ground by which the state can foreclose federal review. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Furthermore, Petitioner did not raise this argument in his post-conviction attempt at relief under Ohio Appellate Rule 26(B).

Petitioner has not demonstrated the required cause and actual prejudice to avoid the consequences of this default. Only a fairly presented and preserved claim of ineffective assistance of counsel may serve as sufficient cause to excuse procedural default in federal habeas corpus. *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000). As discussed below, the ineffective assistance of appellate counsel, which Petitioner points to as causing this default, was itself procedurally defaulted, and therefore cannot serve as cause to excuse the default of this claim.

Furthermore, Petitioner's argument fails on its merits. Petitioner was charged and sentenced under the firearm specification found in Ohio Revised Code Section 2941.145. In order for a person to be convicted of this specification, the state must prove two elements:

4

    1.       the offender "had a firearm on or about the offender's person or under his control while committing the [underlying] offense," and

    2.       the offender "displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."

Petitioner argues there was no evidence to support the second element because "the only thing that could have supported the 'use' of a gun was the kidnaping charge, but the Petitioner was acquitted of that" (Doc. No. 16, p. 4). Petitioner neglects to note that the same firearm specification was attached to both the kidnaping count as well as the count for having a weapon under a disability. Petitioner was convicted of the latter, and it is *that* specification under which he was sentenced.

        Additionally, the second element of the specification is not limited solely to use of the firearm to facilitate the offense. It also can be met simply by displaying, brandishing, or indicating possession of a firearm. Petitioner does not dispute that April Lofton testified at trial that Petitioner had a gun, indicated that he had a gun, and displayed it to her in a menacing way to force her to leave her father's home (Doc. No. 6-1, Ex. 11, pp. 3-4), all done "while under a disability." The state appellate court considered this evidence, and correctly concluded that this evidence supported the finding of the firearm specification. The state court's rejection of this sufficiency of the evidence claim was not contrary to *Jackson v. Virginia*, 443 U.S. 307, 324 (1979), nor based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) & (2).

### Petitioner's Second Objection -- Ineffective Assistance of Appellate Counsel

        Petitioner also alleges his appellate counsel was ineffective for failing to provide timely notification of the appellate court's decision to Petitioner. The Magistrate held that Petitioner was able to meet the first *Strickland* element, deficient representation, but unable to meet the second,

prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). Petitioner objects to this latter conclusion (Doc. No. 16, pp. 5-6).

Petitioner argues the failure of counsel to notify him of the court decision prevented him from rasing issues on direct appeal to the Ohio Supreme Court, and thus prejudiced him. However, that does not address the fact that this particular ineffective assistance of counsel claim was procedurally defaulted. Petitioner failed to present this particular ineffective assistance as a self-standing constitutional claim either to the Ohio Supreme Court in the delayed direct appeal or in Petitioner's Rule 26(B) proceeding. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999). In Petitioner's Rule 26(B) application, the sole ineffective assistance of counsel argument concerned his appellate counsel's handling of the firearm specification and Petitioner's conviction of possession under a disability, *not* that appellate counsel failed to provide Petitioner notice of the appellate court's decision (Doc. No. 6-1, Ex. 14). *See Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 436 n. 7 (6th Cir. 2006) (failing to raise an ineffective assistance claim on Rule 26(B) application is an independent and adequate state ground under *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986)).

Petitioner's arguments do *not* address whether he has shown the requisite cause and prejudice to avoid the consequences of a procedural default. *Smith*, 463 F.3d at 436 n. 7 (even if a petitioner can show prejudice caused by counsel's deficient representation under *Strickland*, he must also show separate cause and prejudice to avoid procedural default); *compare U.S. v. Frady*, 456 U.S. 152, 168 (1982) (demonstrating prejudice to excuse procedural default requires a showing that a disadvantage infected the proceeding with constitutional error); *with Strickland*, 466 U.S. at 687-96 ("the deficient performance prejudiced defendant to such a degree that there is a reasonable possibility that, but for the appellate counsel's errors, the outcome would have been different"). Petitioner cannot meet the

6

prejudice standard for procedural default because, as the Magistrate explained, "[a]lthough Petitioner was denied the right to a timely appeal, he was not deprived of a right to proffer the same issue he wanted to appeal to the Supreme Court in a motion for post-conviction relief" under Ohio Appellate Rule 26(B) (Doc. No. 13, p. 9). Furthermore, Petitioner provides no argument as to any "cause" which prevented him from raising this ineffective assistance claim in his Rule 26(B) application. Accordingly, Petitioner's second objection is not well taken.

### Petitioner's Third Objection -- Ineffective Assistance of Trial Counsel

In his third objection, Petitioner argues he has shown the prejudice necessary to overcome the procedural default of his second ground for relief, ineffective assistance of trial counsel (Doc. No. 16, pp. 6-7). Petitioner argues his appellate counsel's deficient representation caused him to untimely appeal this ground to the Ohio Supreme Court. This objection is not well taken. As discussed above, Petitioner's ineffective assistance of appellate counsel argument fails for being procedurally defaulted. A petitioner may not advance an invalid or defaulted claim of ineffective counsel as "cause" or "prejudice" to excuse another defaulted ground. *Edwards*, 529 U.S. at 451-53; *see also Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (Ohio Appellate Rule 26(B) application based on ineffective assistance of counsel "cannot function to preserve the underlying substantive claim such that it will not be found to be procedurally defaulted"). Therefore, Petitioner has not shown the requisite cause and prejudice to excuse the default of his second ground for relief.

### Petitioner's Motion to Amend

This Court agrees with the R&R that Petitioner's proposed Amendment to his Petition (Doc. No. 10) is futile and would not change the disposition of the Petition. Therefore, the Motion is denied. *See Benzon v. Morgan Stanley Distrib.*, 420 F.3d 598, 613 (6th Cir. 2005) (denial of leave

to amend appropriate where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . . , undue prejudice to opposing party . . . , [or] futility of the amendment.") (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)).

## CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus and the Motion for Leave to Amend the Petition are denied. Further, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, this Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                        s/ *Jack Zouhary*
                                        JACK ZOUHARY
                                        U. S. DISTRICT JUDGE

                                        September 16, 2010